United States Equal Employment Opportunity Commission
21 S. 5th Street, Suite 400
Philadelphia, PA 19106

Rachel M. Smith
Trial Attorney
Counsel for Plaintiff EEOC
(215) 440-2642

RECEIVED-CLERK
U.S. DISTRICT COURT

2006 MAR -3  A 11: 36

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) | CIVIL ACTION NO: 06-1032 (DMC) |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | **JURY TRIAL DEMAND** |
| ) | |
| **BRISTOL MYERS SQUIBB COMPANY,** ) | |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (black) and to provide appropriate relief to Leslie Robinson who was adversely affected by such practices. As articulated with greater particularity in Paragraphs 7 and 8 below, the Commission alleges that Defendant Employer Bristol Myers Squibb subjected Ms. Robinson to disparate discipline on the basis of her race, while treating similarly situated white colleagues, accused of the same infraction, more favorably with no discipline.

In addition, the Commission alleges that upon receiving a complaint that Defendant had subjected her to race discrimination in terms of differential discipline, Ms. Johnson was terminated in retaliation for her complaint of discrimination. As a result of Defendant's

1

discriminatory conduct, Leslie Robinson has suffered damages, including lost wages and emotional distress damages.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4.  At all relevant times, Defendant Employer has continuously been and is now doing business in the State of New Jersey, in the City of Plainsboro, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission, alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January of 2004, Defendant Employer has engaged in unlawful employment practices at its Plainsboro, New Jersey facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1) by discriminating against Leslie Robinson on the basis of her race (black). The unlawful employment practices included, but were not limited to, the following:

(a) Defendant Employer, Bristol Myers Squibb Company, specializes in the manufacturing and sale of pharmaceuticals. Ms. Robinson was hired by Defendant on or about December 6, 1999, as a Senior Field Analyst. At all relevant times, Ms. Robinson maintained an exemplary employment record.

(b) In or about November of 2001, Ms. Robinson was promoted to Manager of the Incentive Compensation Group. Ms. Robinson was the only black manager of five managers within the division.

(c) As an Incentive Compensation Manager, Ms. Robinson was responsible for processing sale-based benefits and bonus awards for employees, including sales representatives from the Sales Division. To promulgate these incentive, bonus, and award programs, Ms. Robinson conducted various training sessions for different sales districts throughout the country.

(d) As an Incentive Compensation Manager, Ms. Robinson did not work in the Sales

Division and was not responsible for the type of sales call or total amount of sales generated by the sales representatives.

(e) In the fall of 2003, Defendant began to investigate allegations that certain sales representatives falsified their sales reports by indicating that they had in-person meetings with physicians to sell pharmaceuticals, when in fact, they had not.

(f) Valerie Reister, Human Resources Director, began to investigate Ms. Robinson on the basis of a claim that Ms. Robinson allegedly encouraged sales representatives to falsify their records, by specifically telling them to do "whatever it takes to make it work for the company," at a training she conducted in Nashville, Tennessee in July of 2003.

(g) Two white managers from the Sales Division, Heather Robinson-Tucker and Gail Downing, who were direct managers of sales representatives, were also present at the July, 2003 training. Both stated to Reister during this investigation that they did not hear Ms. Robinson instruct or encourage their sales teams to falsify sales records.

(h) A sales representative who was present at the July 2003 training wrote a letter to Defendant stating that at that training, and a later training in August of 2003, Downing and Robinson-Tucker encouraged the same behavior for which Ms. Robinson was being investigated.

(i) Despite the denials of any wrongdoing from Ms. Robinson, confirmation of the same by managers Downing and Robinson-Tucker, and the discrepancy of statements between sales representatives as to whether Robinson ever encouraged any dishonest behavior, Robinson was issued a Final Written Warning and was placed on a 60-day probation which made her ineligible for a promotion, or to participate in bonus and incentive programs.

(j) Reister assured Ms. Robinson that Defendant took similar action against the two managers who were also present at the July 2003 training, Downing (white) and Robinson-Tucker (white), as they would all be held accountable as managerial staff.

(k) Shortly after being placed on the 60-day probation, Ms. Robinson noticed in the course of performing her duties, that Downing and Robinson-Tucker were still eligible for promotion and participation in the bonus and incentive programs, while Ms. Robinson was not.

(l) Contrary to Reister's assurances, Downing and Robinson-Tucker were never subjected to any discipline for allegedly encouraging sales representatives to falsify sales reports.

8. Since at least April of 2004, Defendant Employer has engaged in unlawful employment practices at its Plainsboro, New Jersey facility, in violation of Section 704(a)(1) of Title VII, 42 U.S.C. Section 2000e-3(a). The unlawful retaliatory practices include, but are not limited to, the following:

(a) Given the disparity in discipline, Ms. Robinson believed that Defendant's conduct was based on her race. In an attempt to protect her employment rights, she contacted her attorney.

(b) Ms. Robinson's attorney sent a letter to Defendant dated March 26, 2004, alleging racial animus as a motivating factor in the disparate discipline issued to Ms. Robinson. The letter stated in part, that Ms. Robinson was a "single mother of color" and that she was not afforded the same treatment as other colleagues.

(c) On April 23, 2004, Ms. Robinson was terminated from her employment, less than one month after Defendant received the letter complaining of race discrimination.

9. The unlawful employment practices complained of in paragraphs 7(a) through

(l), and 8 (a) through (c) above were intentional.

10. The unlawful employment practices complained of in paragraphs (a) through (l), and 8 (a) through (c) above were done with malice or with reckless indifference to the federally protected rights of Leslie Robinson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race or retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities and which provide for a work environment free of discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against race and retaliation discrimination.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of

discrimination of which they become aware to the department charged with handling such complaints.

F.    Order Defendant Employer to make whole Leslie Robinson by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.    Order Defendant Employer to make whole Leslie Robinson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a) through (l), and 8 (a) through (c) above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H.    Order Defendant Employer to make whole Leslie Robinson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a) through (l), and 8 (a) through (c) above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I.    Order Defendant Employer to pay Leslie Robinson punitive damages for its malicious and reckless conduct described in paragraphs 7(a) through (l), and 8 (a) through (c) above, in amounts to be determined at trial.

J.    Grant such relief as the Court deems necessary and proper in the public interest.

K.    Award the Commission the costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JACQUELINE H. MCNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

RACHEL M. SMITH
Trial Attorney
U.S. EEOC, Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642 (direct)
(215) 440-2848 (fax)

2006 MAR -3 A 11:36 RECEIVED-CLERK U.S. DISTRICT COURT